FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 MAY -1 AM 9: 29
CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| KENNETH SANDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV407-32 |
| | ) | [Underlying CR495-123] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion should be DISMISSED.

Movant previously filed a "Judicial Notice" on August 12, 2004, which the Court construed as a §2255 motion. Doc. 897. The Court issued an Order denying the motion on September 7, 2004. Doc. 900. Since the denial of that motion, movant has filed a motion to review his sentence, which the Court again construed as a § 2255 motion and denied as successive. Docs. 918, 920.

According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) 1561 (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

Because movant has already filed under § 2255 and has failed to

provide certification from the Eleventh Circuit authorizing this Court to consider this motion, it is recommended that movant's latest § 2255 motion be DISMISSED as successive.

**SO REPORTED AND RECOMMENDED** this 30th day of April, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA