IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. )
) CASE NO. CR495-123
TRAVIS BARDEL CLARK, et al., )
)
Defendants. )
)
)

## O R D E R

Before the Court are Defendant Kenneth Ramon Sander's Motion for Reconsideration of the Court's Order Granting in Part Defendant's Motion to Reduce Sentence (Doc. 1054), and Motion to Proceed In Forma Pauperis (Doc. 1056). For the following reasons, Defendant's Motion for Reconsideration is **DENIED** and Defendant's Motion to Proceed In Forma Pauperis is **GRANTED**.

On July 31, 2008, Defendant filed a Notice of Appeal from this Court's Order Granting in Part Defendant's Motion to Reduce Sentence. (Doc. 1051.) On August 7, 2008, Defendant filed his Motion for Reconsideration. However, due to the earlier Notice of Appeal, this Court lacks jurisdiction to hear Defendant's Motion for Reconsideration. United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam))

("'The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.'"). As a result, Defendant's Motion for Reconsideration must be **DENIED**.[1]

Defendant has filed a Motion to Proceed In Forma Pauperis on Appeal. Pursuant to Federal Rule of Appellate Procedure 24(a)(3):

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless . . . the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good

---

[1] Even if the Court did have jurisdiction to rule on Defendant's Motion, the Court finds no reason to disturb its prior order. To the extent Defendant argues that he is entitled to a reduction in his sentence because the Georgia Supreme Court overturned two state convictions used to calculate his guideline sentence, this Court again informs Defendant that a motion under 18 U.S.C. § 3582 is not the proper method for seeking a reduced sentence based on overturned state convictions. If Defendant wishes this Court to recalculate his sentence due to the Georgia Supreme Court vacating two of his state convictions, he must first file the "Application for Leave to File a Second or Successive Habeas Corpus Petition" with the Eleventh Circuit Court of Appeals, using the form provided by the Eleventh Circuit Clerk of Court. After receiving permission from the Eleventh Circuit, Defendant may then submit a § 2255 petition to this Court. Until Defendant follows these procedures, this Court lacks jurisdiction to rule on any § 2255 petition from Defendant.

faith or finds that the party is not otherwise entitled to proceed in forma pauperis . . . .

In the instant action, the Court previously determined that Defendant was financially unable to obtain an adequate defense. (Doc. 518.) Furthermore, the Court finds that Defendant's appeal is not taken in bad faith. Therefore, Defendant is entitled to proceed in forma pauperis on appeal.

Accordingly, the Court **DENIES** Defendant's Motion for Reconsideration and **GRANTS** Defendant's Motion to Proceed In Forma Pauperis.

SO ORDERED this 3rd day of October, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA