# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KENNETH SANDERS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV409-197 |
| | ) | CR495-123 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Kenneth Ramon Sanders was convicted in this Court for violating 21 U.S.C. § 846 (Conspiracy to Distribute Cocaine Base and Cocaine Hydrochloride), then sentenced to 340 months' imprisonment. *United States v. Sanders*, No. CR494-123, doc. 686. Years later, he partially prevailed in moving the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2). *United States v. Sanders*, 315 F. App'x 815, 817 (11th Cir. 2009). While that appeal was pending, he also moved this Court for 28 U.S.C. § 2255 relief, contending that he had successfully moved to vacate state court convictions that had figured into his 340-month sentence here, thus warranting further re-sentencing. Doc. 1054.

That motion followed a string of earlier, unsuccessful § 2255 motions (though he mostly called them something else). Docs. 897, 900, 918, 920, 1005, 1009, 1013, 1014. As the Court explained in Sanders's last (disguised) § 2255 undertaking, he must apply directly to the Eleventh Circuit for *all* future § 2255 motions. Doc. 1058 at 2 n. 1; *see also* 28 U.S.C. §2244(b)(3)(A); *see* 28 U.S.C. §2255(h) (cross-referencing §2244's certification requirements). The government agrees. Doc. 1070 at 2-3.[1] Sanders nevertheless has filed yet another § 2255 motion here --

---

[1] For that matter, a re-sentencing under § 3582 does not re-set the "§ 2255 cycle" back to zero, thus enabling Sanders to file a "first" § 2255 motion here:

> While a § 2255 motion is not second or successive where the defendant seeks to vacate an amended sentence on grounds opened by resentencing, *see In re Taylor*, 171 F.3d 185, 186 (4th Cir. 1999), proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant" and do not affect the finality of a criminal judgment. U.S.S.G. § 1B1.10(a)(3); *see United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c)(2) is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution." (citation omitted)); *see also United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002) (holding that § 3582(c)(2) authorizes "a reduction of sentence" and not a "full resentencing"); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (holding that § 3582(c)(2) "do[es] not contemplate a full de novo resentencing" (quotation and citation omitted)); *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001) (The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence under § 3582(c) does not affect the finality of a criminal judgment.).

*United States v. Porter*, 2010 WL 348019 at * 1 (W.D. Va. Jan. 29, 2010); *accord United States v. Valentine*, 2010 WL 92322 at * 1 (D. Neb. Jan. 6, 2010); *United States v. Griffin*, 2009 WL 2763859 at * 2 (N.D. Fla. Aug. 27, 2009) ("There is no statutory exception for successive § 2255 motions filed after such a resentencing.").

on the "vacatur" grounds. 409CV197 doc. 1. Under 28 U.S.C. § 2255 Rule 4, it must be **DENIED** as successive.

**SO REPORTED AND RECOMMENDED** this   10th   day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA